**PLOEN**
PLOEN LAW FIRM, PC

Fax: 651.894.6801
Direct: 651.894.6803

Fifth Street Towers
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402-1267

Main: 651.894.6800
E-mail: sploen@ploen.com

December 9, 2016

Hon. Paul G. Gardephe
United States District Court for the
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *TechGuru Consultants, Inc. v. Tech Guru, LLC*, 16 CV 08777 (PGG)

Dear Judge Gardephe:

      This firm represents Defendant, Tech Guru, LLC, in the above-referenced action. Pursuant to Rule 4A of the Court's Individual Practices, Defendant requests a pre-motion conference related to a motion to dismiss Plaintiff TechGuru Consultants, Inc.'s Complaint pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure. Defendant requested Plaintiff's consent to the proposed motion on Thursday morning, December 8, 2016. Plaintiff's counsel did not respond to the request. The grounds for the motion are as follows:

      1. The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(7) and 19(a) for failure to join a necessary and indispensable party to the proceeding.

      2. Alternatively, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state claims under the Lanham Act for misleading description, false advertising, trademark infringement, and false or fraudulent registration, due to a variety of defects in plaintiff's complaint.

**Factual Background of Dispute**

      At its core, the present dispute is over the parties' respective rights and obligations with regard to two trademarks: TECH GURU, a federally registered trademark owned and used by Defendant, and TECHGURU, an unregistered trademark allegedly owned by Plaintiff's chief executive officer, Alexander Litz ("Litz"), and used by Plaintiff.

      Defendant is a Minneapolis-based provider of technical consulting services. Complaint ¶¶ 3, 13. Since 2004, Defendant has used the trademark TECH GURU in connection with providing such services. Complaint ¶ 13. In 2009, the U.S. Patent and Trademark Office ("PTO") issued Defendant a registration on the Principal Register of Trademarks for the trademark TECH GURU for use in connection with computer installation and repair services. Complaint ¶ 17; Complaint Exh. A. In early 2013, Defendant filed a second application at the

Hon. Paul G. Gardephe
December 9, 2016
Page 2 of 5

PTO to register the mark TECH GURU in connection with an expanded set of technology-related services, which application remains active and pending. Complaint Exh. A.

Plaintiff is a Bronx-based provider of technical consulting services under the trademark TECHGURU, which it claims to have used since 2001. Complaint ¶¶ 2, 10-11. In early 2014, Plaintiff's chief executive officer, Alexander Litz filed an application to register the trademark TECHGURU with the U.S. PTO, stating he owned the trademark. Two days later, Litz, again acting in his personal capacity, instituted separate proceedings at the Trademark Trial and Appeal Board to cancel Defendant's 2009 registration for the mark TECH GURU, and oppose registration of Defendant's 2013 application to register the mark TECH GURU. Complaint ¶ 17; Complaint Exh. A. Those two TTAB actions have been combined into a single proceeding, which remains pending. Complaint ¶¶ 19-20.

Plaintiff filed the Complaint, which – apart from brief references to trademark dilution and unfair competition laws "of the several states" – asserts four claims under the Lanham Act: (i) misleading description; (ii) false advertising and unfair competition; (iii) trademark infringement; and (iv) false or fraudulent trademark registration. The Complaint also includes a fifth claim, (v) for a judicial determination "of the parties' rights and obligations as to the ownership and usage of the mark 'Tech Guru,' as to guide the parties in their future conduct." Complaint ¶¶ 23-61.

**Grounds for Dismissal**

1. **Plaintiff failed to join a necessary party, Alexander Litz, as required by Fed. R. Civ. P. 12(b)(7) and 19(a).**

Plaintiff's executive, Alexander Litz, is a necessary and indispensable party to the instant proceeding due to his ownership of the trademark rights alleged to have been infringed, and Plaintiff's Complaint thus should be dismissed due to Litz not having been joined to this action, as required by Fed. R. Civ. P. 12(b)(7) and 19(a). Longstanding authority in this District holds that in trademark infringement actions, the trademark's owner is a necessary and indispensable party to the action:

> Courts that have faced the issue have treated trademark owners as indispensable for Rule 19 purposes in infringement actions. *JTG of Nashville, Inc. v. Rhythm Band, Inc.,* 693 F. Supp. 623, 626–28 (M.D.Tenn.1988), and cases cited therein; 7 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil* 2d, § 1614 at 205–06 (1986). There is no reason here to apply a different rule.

*Earl v. Peverett*, No. 90 CIV. 5019 (MBM), 1991 WL 33281, at *1 (S.D.N.Y. Mar. 7, 1991) (finding that failure to serve and join the owner of the service mark for a rock band necessitated dismissal of the action, reasoning that it was "pointless to litigate in [the trademark owner's] absence whether plaintiffs or defendants have a superior right to the mark if [the trademark owner's] right is superior to the rights of any parties already joined" in the action).

Litz personally owns the trademark rights asserted by Plaintiff in the TECHGURU trademark. Litz filed an application to register the TECHGURU trademark, stating that he owned the trademark. Two days later, Litz, again acting in his personal capacity, instituted the afore-mentioned trademark opposition and cancellation proceedings at the TTAB. Complaint ¶17, Complaint Exh. A. Further, Litz, by his own admission and as PTO records indicate, has never given a license to nor assigned any interest in his TECHGURU trademark to any other party. Because of his ownership of the trademark rights alleged to have been infringed, Alexander Litz is a necessary and indispensable party to this proceeding under Fed. R. Civ. P. 19(a)(1), and his absence requires dismissal.

2.  **Plaintiff failed to allege sufficient facts to support each of its Lanham Act claims.**

Plaintiff's Lanham Act claims suffer from numerous, independent and overlapping flaws. Fundamentally, Plaintiff's Complaint attempts to spin a rather straightforward trademark infringement claim into five distinct causes of action. Even the trademark infringement claim, however, fails to identify a statutory basis upon which the Plaintiff could obtain relief.

### A. Plaintiff's "Misleading Description" claim fails as a matter of law, because plaintiff has not alleged that defendant made a false or misleading description of fact.

Plaintiff brings its first claim under Section 43(a)(1) of the Lanham Act, which requires that a claim for "misleading description" must be based on an allegedly false or misleading description *of fact*. 15 U.S.C. § 1125(a)(1) (*emphasis added*). Plaintiff has failed to plead properly a claim for misleading description because the Complaint fails to assert any false or misleading description *of fact* made by the Defendant in the course of promoting or providing its technology consulting services. Instead, Plaintiff makes various claims concerning Defendant's use of the TECH GURU trademark, then alleges that Defendant's "use of the mark 'Tech Guru' comprises a false description or representation of such business or products." Complaint ¶ 27.

Plaintiff likely meant to bring a claim for "false designation of origin" or a similar trademark-related claim under Section 43(a)(1)(A), but instead Plaintiff styled its cause of action as one for misleading description, but then failed to cite any instances of false or misleading descriptions of fact being promulgated by the Defendant. Plaintiff should not be allowed to characterize what appears to be an infringement claim as instead being one for misleading description, when Plaintiff's Complaint makes no allegation of a false or misleading description *of fact* by Defendant.

### B. Plaintiff's "Unfair Competition and False Advertising" claim must be dismissed as a matter of law due to the absence of an advertisement.

Plaintiff's cited statute, 15 U.S.C. § 1125, is Section 43 of the Lanham Act, and "Claims under Section 43(a) are styled as either false representation under subsection (A) or false advertising under subsection (B)." *Agence France Presse v. Morel,* 769 F. Supp. 2d 295, 307 (S.D.N.Y. 2011). Plaintiff has titled its claim as being one for "false advertising," but Plaintiff does not identify any alleged misrepresentation regarding the nature, characteristics or

Hon. Paul G. Gardephe
December 9, 2016
Page 4 of 5

geographic origin of Defendant's or Plaintiff's services.  *See General Cigar Co. v. GDM Inc.*, 988 F. Supp. 647, 665 (S.D.N.Y. 1997); *S&L Vitamins, Inc. v. Australian Gold, Inc.*, 521 F. Supp. 2d 188, 209 (E.D.N.Y. 2007) (dismissing defendant's false advertising claim where Plaintiff's act did not constitute a false or misleading fact about the nature, characteristics, or qualities of goods or services).  Plaintiff instead seems to suggest that Defendant's use of the TECH GURU trademark, in and of itself, amounts to a misrepresentation of fact regarding Defendant's services:  "[Defendant's] use of the 'Tech Guru' mark to sell its computer maintenance and computer based services is in direct competition with [Plaintiff] services constitutes Unfair Competition."  Complaint ¶ 37.

Plaintiff does not allege that Defendant has made material misrepresentations about the nature, characteristic or geographic origin of Defendant's services.  Plaintiff's false advertising claim also lacks any reference to any advertisement, or statement in an advertisement, being used by Defendant.  Accordingly, Plaintiff's false advertising claim must be dismissed.

### C.  Plaintiff's trademark infringement claim under 15 U.S.C. § 1114 fails as a matter of law because Plaintiff does not own a federal trademark registration.

Plaintiff's Count III rests upon 15 U.S.C. § 1114 (Section 32 of the Lanham Act), which section confers special protections upon the owners of federally *registered* trademarks.  Complaint ¶ 45; *see Federal Treasury Enterprise Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013), cert. denied, 134 S. Ct. 1291 (2014) noting that "only registrants—as statutorily defined—have 'statutory standing' to bring an action under Section 32(1) [of the Lanham Act].".  Plaintiff's Complaint, however, does not (and can not) allege that Plaintiff owns a federal registration for the trademark allegedly infringed.

### D.  Plaintiff's "False or Fraudulent Registration" claim fails as a matter of law because Plaintiff relies upon an inapplicable statute, and because the alleged registration does not exist.

Plaintiff's Count IV is styled as "False Or Fraudulent Registration Under The Lanham Act § 43(a)."  Complaint p. 8.  Therein, Plaintiff alleges that at the time Defendant submitted its 2013 application to register the TECH GURU trademark, Defendant "in fact possessed actual knowledge (arising out of a prior conversation between [Plaintiff] and [Defendant's] president) of [Plaintiff] and its common law and statutory rights as well as its senior usage in the TECHGURU trademark."  Complaint ¶ 50.

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) does not provide a cause of action for false or fraudulent registration of a trademark.  Instead, fraudulent registration of trademarks is governed by 15 U.S.C. § 1120.  Defendant's statements in its 2013 trademark application, however, cannot form the basis for a claim of "false or fraudulent registration," since that application has not yet reached registration but instead remains pending.  Complaint Exh. A. Thus, Plaintiff's Count IV, which purports to concern a non-existent registration and which relies incorrectly upon Section 43(a) of the Lanham Act/15 U.S.C. § 1125(a), must be dismissed.

**E. Plaintiff's Count V, the request for declaratory judgment as to the parties' trademark rights, is unnecessary and thus should be dismissed, given Defendant's ownership of a valid federal registration for the mark TECH GURU.**

Plaintiff also requests a "judicial determination of the parties' rights and obligations as to the ownership and usage of the mark 'Tech Guru,'" in order to "guide the parties in their future conduct." Complaint ¶ 60. In essence, Plaintiff here seems to be conceding that it (and Litz) do not own the exclusive right to use of the trademark TECHGURU (or TECH GURU), and Defendant notes that its own valid and subsisting federal registration for the trademark TECH GURU (registration no. 3,727,660) constitutes *prima facie* evidence that the trademark is valid, that the Defendant owns the trademark, and that the Defendant has the exclusive right to use that registered mark in connection with the services specified in the registration. 15 U.S.C. § 1057. Plaintiff's Complaint does nothing to dislodge those presumptions or call them into doubt, and no such "judicial determination of the parties' rights and obligations" is necessary.

Because Plaintiff has failed to join an indispensable party to this dispute and has failed to allege facts sufficient to support its various Lanham Act claims, Defendant requests the Court dismiss the Complaint in its entirety.

Respectfully submitted,

Sean Ploen (*pro hac vice pending*)
Attorney for Defendant

CC:   David Lin, Esq.
      Lewis & Linn LLC