# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECHGURU CONSULTANTS, INC.<br><br>And<br><br>ALEXANDER LITZ ,<br>         Plaintiffs,<br><br>v.<br><br>TECH GURU, LLC<br><br>     Defendants. | Case No. 1:16-cv-08777<br><br>**JUDGE GARDEPHE**<br><br>**MAGISTRATE JUDGE FREEMAN**<br><br>**AMENDED COMPLAINT WITH JURY DEMAND** |

## AMENDED COMPLAINT

Plaintiff TechGuru Consultants, Inc. ("TGC" or "Plaintiff") states the following for its Amended Complaint against the Defendants.

1. This is an action at law and in equity for trademark infringement and dilution, injury to business reputation, unfair competition and deceptive trade practices arising under the Trademark Act of 1946 15 U.S.C. §§ 1051 et seq. (2004) ("Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of the several states.

## PARTIES

2. Plaintiff TechGuru Consultants, Inc. is a New York corporation with a principal place of business located at 555 Kappock Street Bronx, NY 10463.

3. Plaintiff Alexander Litz is an individual who resides in New York and is the owner of TechGuru Consultants, Inc. and is the owner of the trademarks at issue.

4. Defendant Tech Guru, LLC is a Minnesota limited liability company with a principal place of business located at 79 13th Ave. NE, Suite 208 Minneapolis, MN 55413.

## JURISDICTION AND VENUE

5. Jurisdiction in the United States District Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

6. The amount in controversy in this Complaint exceeds $75,000.00.

7. This Court also has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it is a civil action arising under the Lanham Act.

8. This Court has personal jurisdiction over the Defendant because Defendant's wrongful actions have affected Plaintiff in this district; because Defendant has initiated multiple communications with Plaintiff in this district; Defendant has conducted business in this district; Defendant has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

9. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. TGC repeats and hereby incorporates herein by reference all previous paragraphs.

11. TGC provides computer installation, maintenance and repair; installation and repair of business and office machinery and equipment; installation, maintenance and repair of telecommunications systems.  As a result of its endeavors, TGC and Litz has created and owns valuable intellectual property in the form of trademarks and trade secrets.

12. TGC has been using the trademark TECHGURU in commerce in connection with such services since December 31, 2001.

13. TGC has been using the domain name www.techguru.biz since November 25, 2001 and www.techguru.com since March 24, 2002, to market its business continuously since which gives constructive notice to anyone that they were using the mark.

14. TGLLC has provided its TECH GURU services to customers located in at least nine states, including states such as Minnesota, Wisconsin, New York, Nebraska, Missouri, Colorado, and California.

15. TGLLC has made use and continues to make use of a variety of advertising media, including Internet-based advertising (e.g., search-engine advertising) thus confusing the marketplace with TGC.

16. TGLLC has known of the use of the mark Tech Guru by TGC since at least 2004.

17. Although TGLLC opposed AOL use of the "TECHGURU AOL" and "MY TECH GURUS", TGLLC has never opposed TGC use of Tech Guru.

18. TGLLC did not use the trademark TECH GURU in interstate commerce in connection with providing information technology services until March, 2004 well after TGC's use of the TECHGURU mark making TGC the senior user of the mark.

19. On or about May 16, 2010, TGLLC caused the URL www.techguruit.com to be registered through Go Daddy, LLC.

20. TGLLC has advertised the mark "techguru" on the worldwide internet since May 16, 2010.

21. In a March 21, 2009 filing of TGLLC's trademark Registration Number 3727660 , TGLLC's representative declared under oath on TGLLC's behalf that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the [TECH GURU] mark in commerce, either in the identical form thereof or

in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

22. At the time that declaration was made, TGLLC in fact possessed actual knowledge (arising out of a prior conversation between TGC and TGLLC's president) of TGC and its common law and statutory rights as well as its senior usage in the TECHGURU trademark.

23. On information and belief, the declaration in the March 21, 2009 filing of TGLLC's trademark as made by TGLLC's representative was false and fraudulent.

24. On January 29, 2014, TGC filed both a petition to cancel TGLLC's trademark registration no. 3727660 (the "Petition to Cancel") and also a notice of opposition to the registration of TGLLC's 2013 Application (the "Notice of Opposition") at the TTAB.

25. The Petition to Cancel and the Notice of Opposition both allege, as their basis, TGC's ownership of common law trademark rights to the mark TECHGURU that predate TGLLC's own common law and statutory rights in the mark TECH GURU.

26. The Petition to Cancel and the Notice of Opposition subsequently have been consolidated into a single proceeding (the "Combined Proceeding"), because, as the TTAB stated in its January 14, 2015 consolidation order, "the parties to the respective [opposition and cancellation] proceedings are the same and the proceedings involve common questions of law of fact."

27. The Combined Proceeding remains pending at the TTAB.

28. TGC never permitted TGLLC to use the mark "TECH GURU." TGLLC's use of mark "TECH GURU" is likely to cause confusion, mistake, or deception in the minds of the public.

29. TGLLC's infringement constitutes a willful and malicious violation of TGC trademark rights, aimed at preventing TGC from continuing to build a business around and profit from a mark that it has long possessed.

## COUNT I – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A); SECTION 43(a)(1)(A) OF THE LANHAM ACT

30. TGC repeats and hereby incorporates herein by reference all previous paragraphs.

31. TGLLC's "Tech Guru" mark is the same as TGC trademark established in the market for to sell computer maintenance and computer based services that TGLLC's use thereof in the context of selling computer maintenance and computer based services is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of TGC services, or to deceive consumers as to the origin, sponsorship or approval of TGC services.

32. TGLLC is currently and unlawfully using the "Tech Guru" mark that is owned by TGC to sell its computer maintenance and computer based services throughout the United States.

33. TGC has never permitted TGLLC to use the mark "Tech Guru".

34. TGC avers that TGLLC's use of the mark "Tech Guru" comprises a false description or representation of such business or products or false designation of origin under 15 U.S.C. § 1125(a) 43(a)(1)(A) of the Lanham Act.

35. As a direct and proximate result of the wrongful conduct of TGLLC, TGC has been damaged and is entitled to the following remedies: a preliminary injunction and permanent injunction against marketing and sale of the offending products under the name Tech Guru, confiscation and destruction of offending products that bear the name Tech Guru, the removal from registration, transferring, temporarily disabling, or permanently canceling the domain name www.techguruit.com, canceling TGLLC's registration no. 3727660, terminating TGLLC's trademark application 85/837345, and damages including the disgorgement of profits and attorney fees.

36. As a direct and proximate result of Defendant's violation of 15 U.S.C. § 1125(a)(1)(A); 43(a)(1)(A) of the Lanham Act, TGC has suffered damages in the nature of loss of business, revenue and profits.

37. Pursuant to 15 U.S.C. § 1116, TGC is entitled to injunctive relief as equity requires where there has been a violation under Section 1125(a).

38. Pursuant to 15 U.S.C. § 1117(a), TGC is entitled to recover court costs and attorney's fees because of the Defendants' egregious misconduct in making false or misleading descriptions of fact, or false or misleading representations of fact, or false designation of origin regarding TGC's domain name.

**COUNT II – UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE LANHAM ACT 15 U.S.C. § 1125; MONEY DAMAGES AND INJUNCTIVE RELIEF**

39. TGC repeats and hereby incorporates herein by reference all previous paragraphs.

40. TGLLC is currently and unlawfully using the "Tech Guru" mark that is owned by TGC to sell its computer maintenance and computer based services.

41. TGLLC is falsely advertising on the worldwide internet of the mark "TechGuru" as its own.

42. TGC never permitted TGLLC to use the mark "Tech Guru".

43. TGLLC has used the "Tech Guru" mark in New York unlawfully and in violation of TGC's registration of that mark in New York.

44. TGLLC's use of the "Tech Guru" mark to sell its computer maintenance and computer based services is in direct competition with TGC services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). TGLLC's use of the "Tech Guru" mark is likely to cause confusion, mistake, and deception among consumers. TGLLC's unfair competition has caused and will continue to cause damage to TGC, and is causing irreparable harm to TGC for which there is no adequate remedy at law.

45. On October 28, 2011, the TTAB held: "petitioner (TGC) has proven its claim of likelihood of confusion under Section 2(d) of the Trademark Act. Decision: The petition for cancellation is granted based on the claim of likelihood of confusion under Section 2(d). Registration No. 3295316 will be cancelled in due course."

46. As a direct and proximate result of the wrongful conduct of TGLLC, TGC has been damaged and is entitled to the following remedies: a preliminary injunction and permanent injunction against marketing and sale of the offending products under the name Tech Guru, confiscation and destruction of offending products that bear the name Tech Guru, the removal from registration, transferring, temporarily disabling, or permanently canceling the domain name www.techguruit.com, canceling TGLLC's registration no. 3727660, terminating TGLLC's trademark application 85/837345, and damages including the disgorgement of profits and attorney fees.

47. Pursuant to 15 U.S.C. § 1117, TGC is entitled to recover court costs and attorney's fees as well as treble damages because of the Defendants' conduct was undertaken willfully

and with the intention of causing confusion, mistake or deception, making this an exceptional case.

## COUNT III – TRADEMARK INFRINGMENT UNDER THE LANHAM ACT 15 U.S.C. § 1125(a); MONEY DAMAGES AND INJUNCTIVE RELIEF

48. TGC repeats and hereby incorporates herein by reference all previous paragraphs.

49. TGC never permitted TGLLC to use the mark "TECH GURU."

50. TGLLC is currently and unlawfully using the "Tech Guru" mark to sell its computer maintenance and computer based services.

51. TGLLC's use of the "Tech Guru" mark in the sale and marketing of computer maintenance and computer based services comprises an infringement of TGC trademark "Tech Guru" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of TGC services, thereby causing irreparable harm to TGC for which there is no adequate remedy at law.

52. TGLLC's infringement of the trademark constitutes a willful and malicious violation of TGC trademark rights, aimed at preventing TGC from continuing to build a business around and profit from a mark that it has long possessed used.

53. By reason of the foregoing acts, TGLLC is liable to TGC for trademark infringement under 15 U.S.C. § 1125.

54. As a direct and proximate result of the wrongful conduct of TGLLC, TGC has been damaged and is entitled to the following remedies: a preliminary injunction and permanent injunction against marketing and sale of the offending products under the name Tech Guru, confiscation and destruction of offending products that bear the name Tech Guru, the removal from registration, transferring, temporarily disabling, or permanently canceling the domain name www.techguruit.com, canceling TGLLC's

registration no. 3727660, terminating TGLLC's trademark application 85/837345, and damages including the disgorgement of profits and attorney fees.

55. Pursuant to 15 U.S.C. § 1117, TGC is entitled to recover court costs and attorney's fees as well as treble damages because of the Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case.

### COUNT IV – FALSE OR FRAUDULENT REGISTRATION UNDER THE LANHAM ACT § 38

56. Defendant Counter Plaintiff repeats and hereby incorporates herein by reference the allegations in all preceding paragraphs.

57. In the March 21, 2009 filing of TGLLC's trademark Registration Number 3727660 , TGLLC's representative declared under oath on TGLLC's behalf that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the [TECH GURU] mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

58. At the time that declaration was made, TGLLC in fact possessed actual knowledge (arising out of a prior conversation between TGC and TGLLC's president) of TGC and its common law and statutory rights as well as its senior usage in the TECHGURU trademark.

59. When applying for a trademark, the applicant is required to sign a sworn statement that:

> "The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the

applicant; he/she believes the application to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance hereto as to be likely, when used on or in connection with the goods/service of such other persons, to cause confusion, or to cause mistake, or to deceive; and that all statements make of his/her own knowledge are true; and that all statements made on information and belief are believed to be true."

60. TGLLC's representative signature on this application on behalf of TGLLC, constituted an intentional misrepresentation to the Trademark Office, because his client, TGLLC, knew that TGC had exclusive rights to the "Tech Guru" Mark.

61. TGLLC's representative's signature on this application on behalf of TGLLC, constituted an intentional misrepresentation to the Trademark Office, because his client, TGLLC, knew that TGC was the true and lawful owner of the mark "Tech Guru."

62. TGC is entitled to a judgment against TGLLC in an amount no less than $75,000.

63. TGLLC's violation of § 38) of the Lanham Act has caused and, unless restrained, will continue to cause great and irreparable injury to TGC good will and business in an amount that cannot be presently ascertained, leaving TGC with no adequate remedy at law as to future sales by TGLLC.  TGC is therefore entitled to injunctive relief under § 38 of the Lanham Act, 15 U.S.C. § 1120.

## COUNT V – DECLARATORY JUDGMENT

64. TGC repeats and hereby incorporates herein by reference all previous paragraphs.

65. TGC is the first user and owner of the mark "Tech Guru."

66. As set forth in the above allegations, TGLLC unlawfully registered the mark "Tech Guru" for its own exclusive use.

67. Unless the rights and obligations of the parties are determined and declared TGC will suffer irreparable loss and damage.

68. TGC has no adequate remedy at law and seeks in this action a judicial determination of the parties' rights and obligations as to the ownership and usage of the mark "Tech Guru," as to guide the parties in their future conduct.

69. TGC is entitled to a declaration by this Court of the parties' rights and obligations with regard to the mark "Tech Guru."

## DEMAND FOR RELIEF:

WHEREFORE, Plaintiff prays:

1. That TGLLC, and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from TGLLC, and each of them, be preliminarily and permanently enjoined from:
    a. Using TGC mark "TechGuru," or any colorable imitation thereof;
    b. Using any trademark that imitates or is confusingly similar to or in any way similar to TGC mark "TechGuru," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of TGC products or its connection to Defendant.
2. That TGLLC be required to file with the Court and to serve on TGC within fifteen days after entry of the Injunction, a report in writing under oath that sets forth in detail the manner and form in which Defendant has complied with the Injunction;
3. That pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by TGC resulting from the acts alleged herein;

4. That pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to TGC for all profits derived by it from its illegal acts complained of herein;

5. That pursuant to 15 U.S.C. § 1118, Defendant be ordered to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Plaintiff that bears a mark found to infringe upon TGC "Tech Guru" mark rights, as well as all plates, matrices, and other means of making the same;

6. That the Court declare that TGC is the true and rightful owner of the mark "Tech Guru" and enjoin TGLLC from using the mark;

7. That the Court issue an order canceling TGLLC's registration no. 3727660, terminating TGLLC's trademark application 85/837345;

8. That the Court declare this to be an exceptional case and award TGC its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

9. That the Court grant TGC any other remedy to which it may be entitled as provided for in 15 U.S.C. §§1116 and 1117 or under state law; and,

10. That the Court order further relief to TGC as the Court deems just and proper.

Respectfully submitted,

Furr Law Firm
Jeffrey Furr, (0061680)
2622 Debolt Road
Utica, Ohio 43080
740-892-2118
740-892-3860 fax
Email: JeffMFurr@furrlawfirm.com

*/s/ Gregory P. Barwell*
**WESP BARWELL, L.L.C.**
Gregory P. Barwell, (0070545)
Quinn M. Schmiege, (0085638)
Attorneys at Law
100 East Broad St – Suite 2350
Columbus, Ohio 43215
Phone: (614) 456-0488
Fax: (614) 456-0488
Email: gbarwell@wesplaw.com
Email: qschmiege@wesplaw.com
Attorneys for Plaintiff

/s/ Joseph Lipari_____
*THE SULTZER LAW GROUP P.C.*
Joseph Lipari, Esq.
Jason P. Sultzer, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
Phone: (212) 618-1938
Fax: (888) 749-7747
Email: liparij@thesultzerlawgroup.com
Email: sultzerj@thesultzerlawgroup.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable by jury in this case.

*/s/ Gregory P. Barwell\_\_\_\_*
*WESP BARWELL, L.L.C.*
Gregory P. Barwell, (0070545)
Quinn M. Schmiege (0085638)