IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TechGuru Consultants, Inc., and Alexander Litz,<br><br>   Plaintiffs,<br><br>   vs.<br><br>Tech Guru, LLC,.<br><br>   Defendant | Civil Action No.: 1:16-cv-08777-PGG<br><br>**DECLARATION OF DAVID POSTOLSKI, ESQ.** |

I, DAVID POSTOLSKI, ESQUIRE, declare under penalty of perjury that the following is true and correct based on my personal knowledge:

1. I submit this Declaration in support of Plaintiff's Motion To Reopen.

2. This Declaration is made upon my personal knowledge of the facts set forth herein, based on discussions with the Plaintiffs and review of the history of the file and the history of the dispute between the parties, and if called to testify, I could and would testify competently thereto.

3. I am the attorney for the Plaintiffs, i.e., TechGuru Consultants, Inc., and Alexander Litz.

4. The current trademark dispute between the Plaintiffs and the Defendant has been ongoing before several tribunals – before this Honorable Court, and before the USPTO, at the TTAB – the Trademark Trial and Appeal Board.

5. Back in the Spring of 2019 the parties have reached a partial settlement agreement, where they decided to terminate the Court proceeding before this Honorable Court, and to continue fighting out the remaining issues before the TTAB of the USPTO.

6. Thereafter the parties continued to negotiate a settlement and on or about December 6, 2019, Defendant's counsel Sean Ploen reached out to me by email with several terms of settlement proposal. I replied to the adversary on December 15, 2019 that the Plaintiffs have preliminarily accepted Defendant's proposed settlement terms and asked the adversary to draft the settlement agreement based on the proposed terms as soon as possible. See <u>Exhibit A</u>.

7. Thereafter, the adversary counsel for Defendant stopped responding to my email messages and reminders. I sent email reminders to adversary on January 7, 2020, January 13, 2020, and January 20, 2020, all to no avail and without a response from the adversary, until the adversary replied on January 21, 2020, and stated that he was "caught in a hectic stretch", namely: "Hi, David -- I'm here! Sorry, been caught in a hectic stretch -- will circle back with my client and get back to you shortly....". See attached <u>Exhibit B</u>.

8. The Applicant's counsel continued to drag his feet in the settlement negotiations, not getting back to me. Thus, for at least several months, from December 2019 until February 2020, the counsel for Applicant has not provided a draft of a settlement agreement, to which terms the Plaintiffs have preliminarily agreed, until Defendant's attorney in the end failed to deliver on the promise of a settlement and sprung on the Plaintiffs its frivolous motion to dismiss before the TTAB on February 14, 2020 (copy attached as <u>Exhibit C</u>).

9. I opposed Defendant's frivolous TTAB motion to dismiss (see attached as <u>Exhibit D</u>).

10. Thus, Defendant has been acting in this dispute with unclean hands, first promising settlement, and in the end Defendant failed to deliver a settlement agreement, did a 180, and filed a motion to dismiss with the TTAB instead, which I am now fighting, thus leaving Plaintiff's in a vulnerable position, and practically without recourse, because at this point, the

TTAB proceeding has progressed far enough without much substance, i.e., Defendant failed to provided discovery in the TTAB proceeding, so if the TTAB grants Defendant's frivolous motion at the TTAB level, the TTAB Opposition will be dismissed, and with the current lawsuit before this Honorable Court having been terminated through parties' partial settlement back on April 4, 2019, the Plaintiffs will be left without recourse in the trademark dispute in question between the parties.  Even if the TTAB denies Defendant's frivolous motion to dismiss, the Plaintiffs will still be left in a disadvantageous position in the TTAB proceeding, because the discovery period there has terminated without Defendant having provided any relevant discovery in that matter.

11. Plaintiffs have been negotiating with Defendant in good faith, with clean hands, only for Defendant to promise settlement and to renege on its settlement promise, thus putting Plaintiff in a disadvantageous position where Plaintiff is now left without recourse in this matter, unless the present law suit before this Honorable Court is reopened and reinstated on Court's active calendar.  Hence this Motion to Reopen.

12. In this case, the danger of prejudice to Plaintiffs will be great if the present court proceeding is not reopened – the Plaintiffs will be left with no recourse against the Defendant.

13. The attached Motion to Reopen is being filed within 1 year from the date of the Voluntary Dismissal of the complaint and counterclaims in the present matter. The date of Voluntary Dismissal is April 4, 2019, and thus, the Rule 60 1-year deadline falls on April 4, 2020, which is a Saturday, and thus, the actual deadline is today, i.e., April 6, 2020, i.e., the next business day after the deadline that falls on the weekend, as per federal law.

14. It is respectfully requested that Plaintiffs' complaint against the Defendant in this matter be reopened, and the case reinstated on the Court's active calendar, so that the Plaintiffs

may proceed against the Defendant in their claims for trademark infringement.


Dated: <u>April 6, 2020</u>                                       Respectfully submitted,

                                                               Signed:   <u>/David D. Postolski/</u>
                                                                David D. Postolski
                                                                Gearhart Law LLC
                                                                41 River Rd
                                                                Summit, NJ 07901
                                                                Tel: 908-273-0700
                                                                david@gearhartlaw.com
                                                                Attorney for Plaintiffs