IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TechGuru Consultants, Inc., and Alexander Litz, <br><br> Plaintiffs, <br><br> vs. <br><br> Tech Guru, LLC,. <br><br> Defendant | Civil Action No.: 1:16-cv-08777-PGG <br><br> **DECLARATION OF ALEXANDER LITZ** |

I, ALEXANDER LITZ, declare under penalty of perjury that the following is true and correct based on my personal knowledge:

1. I submit this Declaration in support of my Motion To Reopen.

2. This Declaration is made upon my personal knowledge of the facts set forth herein, and if called to testify, I could and would testify competently thereto.

3. I am the owner and president of TechGuru Consultants, Inc., and a co-plaintiff in this matter against defendant Tech Guru, LLC.

4. The current trademark infringement dispute between my company TechGuru Consultants, Inc. and the Defendant has been ongoing before several tribunals – before this Honorable Court, and before the USPTO, at the TTAB – the Trademark Trial and Appeal Board.

5. Back in the Winter of 2019 we have reached a partial settlement agreement with Defendant, where we decided to terminate the Court proceeding before this Honorable Court, and to continue fighting out the remaining issues before the TTAB of the USPTO.

6. Defendant and I signed a confidential Interim Settlement Agreement in the Winter of 2019. I signed the Interim Settlement Agreement on February 27, 2019, and Daniel D. Moshe, the CEO of Defendant, signed the same agreement on March 7, 2019. According to the

agreement, we agreed to terminate the federal court litigation in this matter, and to resolve the remaining disputes in question before the TTAB.

7. On or about December 6, 2019, Defendant's counsel Sean Ploen reached out to my attorney David Postolski by email with several terms of settlement proposal. My attorney David Postolski relayed Defendant's settlement proposal to me. I reviewed same and indicated to my attorney that I accept preliminarily the proposed settlement terms. My attorney replied to the adversary attorney on December 15, 2019 that I had preliminarily accepted Defendant's proposed settlement terms and asked the adversary to draft the settlement agreement based on the proposed terms as soon as possible.

8. I have been relying and waiting on the Applicant's attorney, who had promised to provide a settlement agreement, but never did, despite my attorney's numerous reminders by email to Defendant's attorney. I, having provisionally accepted Defendant's settlement terms, was convinced that the matter was settled, and it was only a matter for the Defendant'ss attorney to revert to me with the memorialized written version of the settlement agreement, which Defendant's attorney never sent to my attorney.

8. Defendant's attorney continued to drag his feet in the settlement negotiations, not getting back to my attorney. In the meantime, I was convinced that the matter was settled, and I did not push hard in the TTAB opposition proceedings before the USPTO, as that opposition proceeding was supposed to be terminated following the signed of the settlement agreement.

9. However, Defendant and its attorney instead lead me by the nose and never came through with any settlement agreement, which they were supposed to prepare and send to my attorney for review. For several months, from December 2019 until February 2020, the counsel for Defendant has failed to provide a draft of a settlement agreement, to which terms the I had

preliminarily agreed, until Defendant's attorney in the end failed to deliver on the promise of a settlement and sprung on me its frivolous motion to dismiss before the TTAB on February 14, 2020.

10. We opposed Defendant's frivolous TTAB motion to dismiss through my attorney.

11. Thus, Defendant has been acting in this dispute with unclean hands, first promising settlement, and in the end Defendant failed to deliver a settlement agreement, and instead filed a motion to dismiss with the TTAB, which I am now fighting, thus leaving me in a very disadvantageous and vulnerable position, and practically without recourse, because at this point, the TTAB proceeding has progressed far enough without much substance, i.e., Defendant failed to provided discovery in the TTAB proceeding, so if the TTAB grants Defendant's frivolous motion at the TTAB level, the TTAB Opposition will be dismissed, and with the current lawsuit before this Honorable Court having been terminated through parties' partial settlement back on April 4, 2019, I will be left without recourse in the trademark dispute in question between the parties.  Even if the TTAB denies Defendant's frivolous motion to dismiss, I will still be left in a disadvantageous position in the TTAB proceeding, because the discovery period there has terminated without Defendant having provided any relevant discovery in that matter.

12. I have been negotiating with Defendant in good faith, with clean hands, only for Defendant to promise settlement and to renege on its settlement promise, thus putting me in a disadvantageous position where I am now left without recourse in this matter, unless the present law suit before this Honorable Court is reopened and reinstated on Court's active calendar.

13. In this case, the danger of prejudice to me and my company will be great if the present court proceeding is not reopened – my company and I, we will be left with no recourse

against the Defendant.

14. It is respectfully requested that my complaint against the Defendant in this matter be reopened, and the case reinstated on the Court's active calendar, so that my company and I may proceed against the Defendant in our claims for trademark infringement.

Dated: <u>April 6, 2020</u>

Respectfully submitted,

Signed:  <u>/ Alexander Litz /</u>
Alexander Litz
Owner and President of TechGuru
Consultants, Inc.