# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

TechGuru Consultants, Inc., and
Alexander Litz

     Plaintiffs,

     vs.

Tech Guru LLC.,

     Defendant.

Civil Action No.: 1-16-cv-08777-PGG

Judge Paul G. Gardephe

## MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiffs TechGuru Consultants, Inc. ("TGC") and Alexander Litz ("Litz")
(jointly, "Plaintiffs") hereby move the Court, pursuant to Federal Rule of Civil
Procedure 5.2 (d), Local Civil Rule 5.2(d), and Electronic Case Filing (ECF) Rule 6.8
for an Order permitting Plaintiffs to file Exhibit A (herein Exhibit), the Interim
Settlement Agreement ("Agreement"), to the Plaintiff's Motion to Reopen and Set
Aside or Vacate Judgment (Dkt. No. 57) under seal. Pursuant to paragraph 2 and
paragraph 4 of the Agreement, Plaintiff will file on the public record a copy of the
Exhibit within six days of the filing of the Notice Regarding Sealed Material.
Plaintiffs attempted to seek consent from Defendant on August 18, 2020 but
Defendant did not provide any response by August 24, 2020.

Plaintiffs request that the Exhibit be filed under seal because it refers to
documents or information that this Honorable Court designated "Confidential
Information" pursuant to the Agreement. Defendant raised the issue of the Agreement
in its opposition (Dkt. No. 61) to Plaintiffs' Motion to Reopen (Dkt. No. 57).

Defendant failed to abide by the terms outlined in the Agreement's paragraph 2 and 4

which was integral to Plaintiffs' successful Voluntary Dismissal (Dkt. No. 54).

The language of paragraph 2 in the Agreement states:

"[C]ontinuation of Settlement Discussions: This Agreement is made for the explicit purpose of facilitating the Parties' further pursuit of a settlement resolving all of their outstanding issues and disputes on the merits. The parties hereby agree to continue their settlement discussions and to inform one another if at any point they develop a good-faith belief that a settlement is no longer possible".

Read collectively with paragraph 2 above, the confidential language of

paragraph 4 in the Agreement was an obligation of both parties to suspend the

Trademark Trial and Appeal Board ("TTAB") proceeding for settlement negotiations.

Plaintiffs addressed in paragraph 4 a provision regarding an extension of the

discovery period before the TTAB and the Defendant's failure to request such

extension jointly with the Plaintiffs. Plaintiffs addressed in their reply submission to

Defendant's opposition paper that paragraph 4 was included to work towards a

settlement in the dispute between the parties, not to suspend or delay the TTAB

proceeding (Dkt. No. 64).

Accordingly, Plaintiffs respectfully submits this Motion for an Order

permitting to file under seal:

(1) Exhibit A to the proposed Motion to Reopen and Set Aside or Vacate

Judgment.

Dated: August 24, 2020

MEMO ENDORSED

The motion to seal is denied.  This Court's
Individual Rules provide, "The proposed sealed
document must be contemporaneously filed under
seal in the ECF system and electronically related to
the motion. . . . In general, the parties' consent or
the fact that information is subject to a
confidentiality agreement between litigants is not,
by itself, a valid basis to overcome the presumption
in favor of public access to judicial documents."
No proposed sealed document was filed in the ECF
system.  Further, Plaintiff references this Court's
having "designated 'Confidential Information'
pursuant to the Agreement," but there is no
protective order in this case.  Plaintiff must correct
these deficiencies and explain why sealing is
justified under Lugosch v. Pyramid Co. of
Onondaga, 435 F.3d 110, 119-20 (2d Cir.
2006).

SO ORDERED.

Paul G. Gardephe
United States District Judge
 August 25, 2020

Respectfully submitted,

FOR PLAINTIFFS
TechGuru Consultants, Inc., and Alexander Litz

/s/David Postolski
David Postolski, Esq.,
Gearhart Law, LLC,
41 River Road
Summit, NJ 07901
Tel: (908) 273-0700
sorel@gearhartlaw.com
david@gearhartlaw.com