UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

TECHGURU CONSULTANTS, INC., and
ALEXANDER LITZ,

                Plaintiffs,

        - against -

TECH GURU LLC,

                Defendant.

**ORDER**

16 Civ. 8777 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is a trademark dispute concerning the mark "TECHGURU," as used in connection with computer installation and repair services.  (Am. Cmplt. (Dkt. No. 24) ¶¶ 1, 2-4)  This action was dismissed with prejudice on April 4, 2019, pursuant to the parties' stipulation of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii).  (See Dkt. Nos. 54, 56)  One year later, Plaintiffs filed a Motion to Reopen and Set Aside or Vacate Judgment ("Motion to Reopen").  (Pltf. Mot. (Dkt. No. 57))

        On August 24, 2020, Plaintiffs moved to file the parties' Interim Settlement Agreement (the "Agreement") under seal as an exhibit to the Motion to Reopen.  (Pltf. Mot. (Dkt. No. 77))  Because Plaintiffs had not submitted the proposed sealed document or explained why sealing was justified under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), this Court denied the motion without prejudice.  (Order (Dkt. No. 78))  In denying the motion, the Court noted that – contrary to Plaintiffs' representation – it had not designated any material as "Confidential Information" pursuant to the Agreement, and that no protective order had been issued in this case.  (Id.)

On September 9, 2020, Plaintiffs re-filed their motion to seal. (Pltf. Mot. (Dkt. No. 79)) The Agreement is attached as an exhibit to the motion. (Agreement (Dkt. No. 79-1)) Plaintiffs contend that sealing the Agreement is justified under Lugosch because it "contains highly proprietary material concerning the plaintiffs['] and defendant[']s willingness to dismiss" the action, and because "[t]he privacy interests of the plaintiff[s] and defendant outweigh the presumption of public access." (Id. at 2) Plaintiffs repeat their incorrect claim that a protective order was issued in this case. (Id. at 1-2; see also (Def. Response (Dkt. No. 80) at 1) (noting that "no protective order has been stipulated to or otherwise entered into by the parties in connection with this case")

A presumption of public access applies to "judicial documents," which are documents "'relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch, 435 F.3d at 119 (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)) "Once the court has determined that the documents are judicial documents . . . it must determine the weight of th[e] presumption [of judicial access]. . . . [Then,] the court must balance competing considerations against [that presumption]." Id. at 119-20.

In their Motion to Reopen, Plaintiffs state that the Agreement memorializes "the parties['] agree[ment] to terminate the present federal court litigation in this matter, and to resolve the remaining disputes in question before the [Trademark Trial and Appeal Board]." (Pltf. Br. (Dkt. No. 58) at 5) Because this Court's ruling on the Motion to Reopen will rely in part on the Agreement, it is plainly a "judicial document." Moreover, because the Agreement is likely to "'directly affect [the] adjudication'" of the motion, the presumption of public access carries significant weight. Lugosch, 435 F.3d at 119 (quoting Amodeo, 71 F.3d at 1049).

In support of their sealing application, Plaintiffs contend that the Agreement "contains highly proprietary material concerning the plaintiffs['] and defendant[']s willingness to dismiss this [case] pending before this Court."  (Pltf. Mot. (Dkt. No. 79) at 2)  The Agreement contains nothing that is proprietary, however.  Indeed, the Agreement is almost entirely boilerplate.

There is nothing "proprietary" about a mere decision to agree to resolve a litigation.  The term "proprietary" refers to something "of, relating to, or involving a proprietor," or "of, relating to, or holding as property."  Proprietary, BLACK'S LAW DICTIONARY (11th ed. 2019); cf. GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (concluding that "marketing strategies, product development, costs and budgeting" were "highly proprietary material" meeting the standard for sealing).  Here, the parties' willingness to stipulate to the dismissal of this action is not proprietary, and sealing is not appropriate on that basis.

Plaintiffs also suggest that the parties' "privacy interests" are at stake, but they do not identify what those privacy interests are, much less explain how any privacy interests would be harmed by public disclosure of the Agreement.  (Pltf. Mot. (Dkt. No. 79) at 2)  And by bringing their Motion to Reopen, Plaintiffs have put the terms of the Agreement and the parties' "willingness to dismiss" the case squarely at issue.

The Agreement contains the following confidentiality provision:

> The terms of this Agreement shall remain confidential and shall not be disclosed to anyone except to the Parties' accountants, professional financial advisors, or attorneys, or as may be required by law or court order, or to enforce a right, obligation, or remedy under this Agreement.

(Agreement (Dkt. No. 79-1) § 9.5)  Although the parties agreed to keep the terms of the Agreement confidential, "[c]ourts in this District have long held that bargained-for

confidentiality does not overcome the presumption of access to judicial documents." Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citing Wells Fargo Bank, N.A. v. Wales LLC, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014); Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co., No. 12 Civ. 3274(JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012); Wolinsky v. Scholastic Inc. 900 F. Supp. 2d 332, 338 (S.D.N.Y. 2012)); see also Chigirinskiy v. Panchenkova, 319 F. Supp. 3d 718, 737-39 (S.D.N.Y. 2018) (denying blanket motion to seal confidential settlement agreement where the "court was being asked . . . to enforce a settlement agreement or otherwise adjudicate the effect of settlement terms").  Moreover, the Agreement's confidentiality provision includes an exception for circumstances in which a legal obligation requires disclosure of its terms.  (See Agreement (Dkt. No. 79-1) § 9.5) (stating that the terms of the Agreement "shall remain confidential . . . except . . . as may be required by law or court order, or to enforce a right, obligation, or remedy under this Agreement."); see also Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc., 1:19-cv-3766-GHW, 2020 WL 7706741, at *4 (S.D.N.Y. Dec. 29, 2020) (denying motion to seal where settlement agreement prohibited parties from disclosing its terms "except . . . to the extent specifically required by law or legal process . . .").

        Given the strong presumption of public access that applies here, Plaintiffs' justifications for sealing are inadequate under Lugosch.  Accordingly, Plaintiffs' motion to file the Agreement under seal is denied.  The Clerk of Court is directed to terminate the motion (Dkt. No. 79) and to place the Agreement (Dkt. No. 79-1) on the public docket.

Dated:  New York, New York  
         February 12, 2021

SO ORDERED.

_____  
Paul G. Gardephe  
United States District Judge